Steven L. Mazza, Esq. (SBN 101076)
Sophia Tamazyan, Esq. (SBN 315028)
**CARPENTER, ZUCKERMAN & ROWLEY**
8827 West Olympic Boulevard
Beverly Hills, California 90211
Telephone: (310) 273-1230
Facsimile: (310) 858-1063
Email: sark@czrlaw.com

Attorneys for Plaintiff,
TIMOTHY NICHOLL

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY NICHOLL,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE, UNITED STATES OF AMERICA, BRENNA LOUISE LAIR, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**<br><br>**1. NEGLIGENCE**<br><br>**PLAINTIFF'S DEMAND FOR JURY TRIAL** |

Plaintiff, TIMOTHY NICHOLL, an individual, by and through his attorneys CARPENTER, ZUCKERMAN & ROWLEY, hereby complains and alleges against the defendants, UNITED STATES POSTAL SERVICE, UNITED STATES OF AMERICA, BRENNA LOUISE LAIR, and DOES 1 through 10, as follows:

## I. INTRODUCTION

1.   In this action, plaintiff, TIMOTHY NICHOLL (hereinafter "Plaintiff"), seeks to recover monetary damages for injuries he suffered as a result of a

motorcycle versus motor vehicle collision which occurred in an unincorporated area of Ventura County, California on February 11, 2017.

2. On February 11, 2017, Plaintiff was operating a motorcycle eastbound on Woodland Avenue in an unincorporated area of Ventura County, California when he came to a stop in the left-turn lane at the intersection with SR-33.

3. At that time, defendant, BRENNA LOUISE LAIR (hereinafter "Defendant LAIR"), was operating a 1991 Grumman Long Life Vehicle ("Subject Postal Vehicle") and was also in the left-turn lane on eastbound Woodland Avenue in front of Plaintiff's motorcycle. Defendant LAIR then put the Subject Postal Vehicle in reverse, backed up and struck Plaintiff.

4. Defendant LAIR was working as a postal delivery person employed by defendants, and each of them, and acting in the course and scope of her employment with defendants, and each of them.

5. The registered owners of the Subject Postal Vehicle were defendants, and each of them.

6. The Subject Postal Vehicle was negligently entrusted to Defendant LAIR by each and every other defendant.

7. The Plaintiff was severely injured in the subject accident and has since been required to undergo numerous medical procedures.

## II. **PARTIES**

8. Plaintiff NICHOLL is, and at all times relevant herein was, a resident of the County of Ventura, State of California.

9. Based on information and belief, Defendant LAIR is, and at all relevant times was, a resident of the County of Ventura, State of California. At the time of the subject incident, Defendant LAIR was acting in the course and scope of her employment with defendants UNITED STATE POSTAL SERVICE, UNITED STATES OF AMERICA and DOES 1 through 10.

10. Defendant UNITED STATES OF AMERICA is a sovereign nation, which has subjected itself to the jurisdiction of this Court ("Defendant USA").

11. Defendant UNITED STATES POSTAL SERVICE is an entity of a sovereign nation, which has subjected itself to the jurisdiction of this Court ("Defendant USPS").

12. The true names and capacities of defendants sued herein as Does 1 through 10, inclusive, are unknown to plaintiff, who therefore sues such defendants by such fictitious names pursuant to *Code of Civil Procedure* § 474. Plaintiff alleges that each fictitiously named defendant acted or failed to act in such a manner that each has contributed in proximately causing the damages to plaintiff as herein alleged.  Plaintiff will seek leave of Court to amend this complaint to set forth their true names and capacities when ascertained.  Reference herein to defendant(s) shall include reference to all defendants, including all named and all fictitiously named defendants.

13. Plaintiff is informed and believes, and based upon such information and belief alleges, that at all times relevant hereto, each defendant was the owner, agent, employee or employer of each of its co-defendants, and in doing the acts hereinafter mentioned, each defendant was acting within the scope of its authority and with the permission and consent of its co-Defendants, and each of them, and that said acts of each defendant was ratified by said defendant's co-defendants.

## III. JURISDICTION AND VENUE

14. The jurisdiction of the court over the subject matter of this action is predicated and based upon, without limitation, 39 U.S.C. § 409, 28 U.S.C. § 1346 and 28 U.S.C. § 1367.

15. Pursuant to 28 U.S.C. § 1391 venue is proper as a substantial part of the events or omissions giving rise to the claim occurred within the jurisdiction

1    of the U.S. District Court for the Central District of California.

2    16.    On November 14, 2018, Plaintiff timely presented an administrative claim

3           to the UNITED STATES POSTAL SERVICE.

4    17.    To date, the agency has failed to make a final disposition of the claim

5

6                              IV. **FACTS**

7                          A. **The Accident**

8    18.    On February 11, 2017, Plaintiff was operating a motorcycle eastbound on

9           Woodland Avenue in an unincorporated area of Ventura County, California

10          when he came to a stop in the left-turn lane at the intersection with SR-33.

11   19.    At that time, defendant, BRENNA LOUISE LAIR (hereinafter "Defendant

12          LAIR"), was operating a 1991 Grumman Long Life Vehicle ("Subject

13          Postal Vehicle") and was also in the left-turn lane on eastbound Woodland

14          Avenue in front of Plaintiff's motorcycle.  Defendant LAIR then put the

15          Subject Postal Vehicle in reverse, backed up and struck Plaintiff.

16   20.    Plaintiff sustained injuries and damages as a result of this incident.

17   21.    Based on the police report relating to this incident, Defendant LAIR was

18          working as a UNITED STATES POSTAL SERVICE delivery person in the

19          course and scope of her employment or agency with said entity at the time

20          of this accident.

21   22.    At that time, as Defendant LAIR proceeded to operate her vehicle in an

22          unsafe manner and failed to keep a proper lookout when she backed up her

23          vehicle and struck Plaintiff who was properly stopped behind her vehicle.

24

25                            B. **Damages**

26   23.    As a factual and legal result of defendants' negligence, carelessness, and

27          reckless disregard for the safety of others, Plaintiff was injured in his health,

28          strength and activity, and sustained injury to his body, nervous system, and

person, all of which have caused and continue to cause Plaintiff great mental, physical, and nervous pain and suffering and severe emotional distress.

24.   As a factual and legal result of the aforementioned negligence, Plaintiff has suffered damages in an amount which exceeds the minimum jurisdictional limits of this Court, according to proof at time of trial.

25.   Plaintiff is informed and believes, and based upon such information and belief, allege that said injuries will result in some permanent disability to plaintiff, all to her general damages in a sum which exceeds the minimum jurisdictional limits of this Court, according to proof at time of trial.

26.   As a further factual and legal result of defendants' negligence, carelessness, and reckless disregard for the safety of others, Plaintiff was required to and will have to employ physicians and surgeons for medical examinations, treatments and/or care of said injuries.  Plaintiff will ask leave of court to amend this complaint to set forth the correct amount of medical and incidental expenses when the same are fully and finally ascertained.

27.   As a further factual and legal result of the acts of defendants, Plaintiff was prevented from attending to his usual occupation and his earning capacity was greatly impaired.  Plaintiff's total loss of earnings is not yet ascertained. Further, Plaintiff's loss of future earning and loss of earning capacity are not yet ascertained.  Plaintiff will seek to amend this complaint at such time as the amount is ascertained.

## COUNT I

### (Negligence)

28.   Plaintiff repeats and re-alleges paragraphs 1 through 27 above as if set forth fully herein.

29.   Defendants breached their duties, without limitation, to avoid placing others

in danger, and/or to keep a proper lookout, and/or to exercise reasonable, ordinary care to avoid a collision.

30.   The defendants further negligently serviced, repaired, maintained, and inspected their vehicles, which proximately caused the injuries herein described.

31.   The defendants further negligently entrusted their vehicles to their operators, which proximately caused the injuries herein described and are further liable to the plaintiff pursuant to, without limitation, California *Vehicle Code* § 22106 (Starting Parked Vehicles or Backing).

32.   As a direct result of defendants' negligence, plaintiff has suffered damages, which were reasonably foreseeable, in an amount to be determined at trial.

**WHEREFORE PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:**

a.   For general damages according to proof in an amount exceeding the minimum jurisdiction of this court and for special damages including, without limitation, for medical expenses, medication, loss of earnings, loss of earning capacity, future loss of earnings, future medical expenses, and other out-of-pocket expenses and economic damages in an amount according to proof at time of trial in excess of $250,000.00;

b.   For costs of suit incurred herein; and

c.   For such other and further relief as the court may deem proper.

DATED: June 18, 2020                    CARPENTER, ZUCKERMAN & ROWLEY

By: _____
    Sark Ohanian, Esq.
    Attorneys for Plaintiff,
    TIMOTHY NICHOLL

## JURY TRIAL DEMAND

Plaintiff TIMOTHY NICHOLL hereby demands a trial by jury.

DATED: June 18, 2020

CARPENTER, ZUCKERMAN & ROWLEY

By: _____
Sark Ohanian, Esq.
Attorneys for Plaintiff
TIMOTHY NICHOLL